UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

DENISE DIAZ

                                  *Plaintiffs,*

  -against-

CITY OF NEW YORK,
JOSE FLORES, individually and in his official
capacity as Investigator for the New York
County District Attorney's Office,
JOHN DOE 1, individually and in his official
capacity as Police Officer in the NYPD, and
JOHN DOE 2, individually and in his official
capacity as an Officer in the NYPD or the
New York City District Attorney's Office,

                                  *Defendants.*

----------------------------------------------------------------x

**ECF Case**

**13 CV 8281  (PAC)**

COMPLAINT

Jury Demand

       Plaintiff, Denise Diaz, by her attorney Ricardo A. Aguirre, Esq., complaining of the Defendants, hereby alleges as follows:

**<u>Preliminary Statement</u>**

       1.     This is a civil rights action brought by Plaintiff Denise Diaz, to seek relief for Defendants violation of her rights, privileges and immunities secured by the Civil Rights Act of 1817, 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the United States Constitution, and the common laws and Constitution of the State of New York.

       2.     Plaintiff Diaz brings this action to seek redress for acts of unlawful and discriminatory administrative practices, policies and actions by Defendants' that caused Plaintiff to be unlawfully arrested, her home unlawfully searched, her property unlawfully seized, her reputation defamed and experience loss of career benefits, wages and opportunities. Plaintiff

1

seeks actual, compensatory and punitive damages, injunctive and declaratory relief, and such other relief as this Court deems just and equitable.

## **THE PARTIES**

3.        Plaintiff Denise Diaz ("Plaintiff" or "Ms. Diaz") is a female American citizen of Puerto Rican decent that resides in the County of the Bronx and the City and State of New York. Plaintiff Diaz is also a Sergeant in the New York City Police Department.

4.        Defendant City of New York is a municipal corporation duly incorporated under the laws of the State of New York. It operates the New York City Police Department ("NYPD") a department or agency of Defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

5.        Defendant City of New York also operates New York City District Attorney's Offices, a department or agency of Defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of assistant district attorneys and supervisory assistant district attorneys, and their investigators, including the individually named defendants herein.

6.        At all times relevant, Defendant Jose Flores ("Defendant Flores"), was an investigator employed by the New York County District Attorney's Office.

7.        At all times relevant herein, Defendant Flores was acting as an agent, servant and employee of Defendants City of New York and the New York County District Attorney's Office and is being sued in his individual and official capacity.

2

8.     At all times relevant, Defendant John Doe #1, was an officer or supervisor employed by Defendant City of New York and the NYPD, was acting as an agent, servant and employee for said defendant and is being sued in his individual and official capacity.

9.     At all times relevant, Defendant John Doe #2, was an officer or supervisor employed by Defendant City of New York and the NYPD or the New York County District Attorney's Office, and was acting as an agent, servant and employee for said defendant and is being sued in his individual and official capacity.

10.     At all times relevant herein, all individual defendants were acting under color of state law.

11.     Defendants are "persons" within the meaning of 42 U.S.C. §2000e (a).

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367 (a).

13.     Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. 1367, for any and all state constitutional and state claims and common law violations pursuant to 28 U.S.C. § 1367, as the common law claims form part of the same case or controversy.

14.     Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

## JURY DEMAND

15.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

demands a trial by jury in this action on each and every one their claims.

## NOTICE OF CLAIM

16.     Pursuant to the "Continuous Tort Theory", within ninety days after NYPD failed to restore her to full duty after her second request, Plaintiff Diaz filed a Notice of Claim upon Defendant City of New York by delivering copies of the notices to the person designated by law as a person to whom such claims may be served.

17.     The Notice of Claim was in writing, sworn to by Plaintiff and contained Plaintiff's name and address.

18.     The Notice of Claim set out the nature of the claims, the time when and the place where and manner by which the claim arose, and the damages and injuries claimed to have been sustained by Plaintiff.

19.     The City of New York has neglected and failed to adjust the claims within the statutory time period.

## FACTS COMMON TO ALL COUNTS

20.     At approximately 7:50 a.m. on or about November 24, 2010, Plaintiff Diaz' common-law husband, George Castro was arrested for grand larceny outside the vicinity Plaintiff's residence by law enforcement officials.

21.     Plaintiff Diaz left here residence, approached the officers and inquired "What's going on?"

22.     Investigator Michael Wigdor of the New York City District Attorney's Office told

her, "Mind your business. Go back inside! This has nothing to do with you!"

23.     Plaintiff Diaz then identified herself to Investigator Wigdor as an NYPD officer. With that they both proceeded to her residence where Plaintiff produced her NYPD identification card. In turn, Investigator Wigdor contacted Assistant District Attorney Patty O'Conner and stated they would need a search warrant.

24.     During the interim, several other officials from the NYC District Attorney's Office and NYPD arrived at Plaintiff's residence.

25.     Plaintiff contacted her union attorney, Andrew Quinn, who, telephonically directed the officials not to conduct a search without fully executed warrant.

### *False Arrest*

26.     On or about 8:30 a.m., without probable cause or an arrest warrant, Defendant Flores stated loudly that Claimant was "associating with a known felon" and subsequently informed the NYPD Duty Captain that Plaintiff Diaz was "Under!"

27.     The term "Under" in police jargon signifies that a person was under arrest.

28.     After conferring with Defendant Flores, Defendant John Doe #1, Duty Captain of the 45th Precinct, without probable cause or an arrest warrant, directed that Plaintiff Diaz be placed in custody, without her consent, against her will and with the intent to deprive her of her freedom and liberty, and had her escorted and transported by Sergeant Anthony Borelli (Union Delegate ) to the 43rd Precinct for interrogation.

### *Unlawful Imprisonment*

29.     At approximately 8:50 a.m. on November 24, 2010, Plaintiff Diaz was placed in a police room at the 43rd Precinct and was not allowed to leave.

30.     Two Internal Affairs Bureau (IAB) sergeants from IAB – Group 10 were posted in said police room and guarded Plaintiff Diaz to prevent her from leaving.

31.     Plaintiff Diaz could not go to the bathroom without being escorted by a police officer and was not allowed to place a telephone call.

32.     Plaintiff Diaz received the same treatment as the prisoners that are arrested and held against their will at a precinct.

33.     At approximately 7:05 p.m. on November 24, 2010, Plaintiff Diaz was released from custody at the 43 Precinct without being charged with a crime or violation.

*Unlawful Search and Seizure*

34.     At approximately 3:00 p.m. on November 24, 2010, while in custody at the 43rd Precinct, union delegate Anthony Borelli informed Plaintiff Diaz that the District Attorney's office obtained a search warrant for her residence and Defendant John Doe #2 conducted the illegal search and seizure.

35.     Plaintiff indicated to Borelli that she wanted to be present in her home when the officers commenced the search of the premises. She was told she could not leave the precinct.

36.     Plaintiff Diaz then requested to see and inspect the search warrant before the search was commenced. That request was also denied.

37.     Upon returning home that evening , plaintiff Diaz discovered that the officials removed her home computer, two laptop computers, $5,000 in cash, personal financial and insurance documents, credit cards, three cameras, undeveloped film rolls, and money that adorned plaintiff's religious artifacts.

38.     To date, none of these items have ever been returned.

6

39.     Furthermore, said officials did not leave nor did they ever furnish Plaintiff with a copy of the search warrant.

40.     Several months later, George Castro's defense attorney demanded a copy of said search warrant. The District Attorney's office forwarded a copy of the warrant to Mr. Castro's attorney . A of said search warrant was eventually forwarded to Plaintiff Diaz.

41.     Upon inspection, the information in the search warrant clearly indicates that the warrant was not drafted or executed on November 24, 2011.

42.     Said information could not have been known the day Plaintiff Diaz was arrested and unlawfully imprisoned.

43.     Furthermore, the warrant does not indicate which judge authorized and signed the warrant.

### *Present Situation*

44.     Prior to November 24, 2010, Plaintiff Diaz was an exemplary officer and supervisor in NYPD.

45.     Plaintiff Diaz never received a disciplinary complaint in her 17 year career and always received exceptional evaluations.

46.     Plaintiff was respected and regarded as an excellent and knowledgeable officer by her supervisors, and was studying for the Lieutenant's promotional examination.

47.     However, since November 24, 2010, Plaintiff Diaz has had her weapon and shield stripped by NYPD and never returned to full duty; even though she has never been charged criminally or administratively by District Attorney's Office or NYPD.

48.     Plaintiff Diaz has been subjected to numerous interviews by the District

Attorney's Office and the Internal Affairs Bureau in NYPD.

49.     Plaintiff Diaz has been assigned to the undesirable "Viper Unit" with officers that are considered disciplinary problems, and where one's career virtually ends in NYPD. She is treated differently if she calls in sick. As a practice, other officers that call in sick are allowed to leave their residence without permission from the NYPD Sick Desk. Plaintiff Diaz, however, must get permission from the NYPD Sick Desk to leave her home and must provide them with a contact number. She is subjected to unreasonable NYPD monitoring.

50.     Plaintiff Diaz has inquired on two separate occasions as to why she has not been placed back on full duty, but NYPD has never responded.

51.     Yet, other officers that have committed egregious offenses, including but not limited to police brutality, excessive force, drunk driving, domestic violence, etc., not only kept their guns and shields, but were quickly placed back on full duty once the matter was adjudicated.

52.     Because of said assignment, Plaintiff Diaz has lost thousands of dollars in overtime, night differential and promotional pay opportunities.

53.     By reason of the above, Plaintiff Diaz has been irreparably injured physically and emotionally, and in character and reputation in the community, both professionally and, otherwise, monetarily.

**FIRST CLAIM**
(Claim Pursuant to 42 U.S.C. 1983 Against All Defendants
for Violations of the Fourth Amendment)

54.     Plaintiff repeats and re-alleges paragraphs 1 through 53 above as if fully set forth

herein.

55.      By their conduct, as described herein, and acting under color of state law to deprive Plaintiff Diaz of her rights to be free from unreasonable searches and seizures and arrest without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendments, Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

56.      Each of the Defendants has acted with deliberate indifference to the Fourth Amendment rights of Plaintiff and other similarly situated individuals. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered, and will continue to suffer damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.


### SECOND CLAIM
(Claim Pursuant to 42 U.S.C. 1983 Against All Defendants
for Violations of the Fourteenth Amendment -
Deprivation of Property)

57.      Plaintiffs repeats and re-alleges paragraphs 1 through 56 above as if fully set forth herein.

58.      Each of the Defendants has acted with deliberate indifference to the Fourteenth Amendment rights of Plaintiff and other similarly situated individuals. As a direct and proximate result of the acts of each of the Defendants, Plaintiff's Fourteenth Amendment rights have been violated. By acting under the color of law to deprive Plaintiff of her rights under the Fourteenth Amendment, the Defendants are in violation of 42 U.S.C. § 1983, which prohibits deprivation

under color of state law of rights secured under the United States Constitution.

59.     Because Defendant's policies, practices and/or customs are without any reasonable and/or articulable purpose, Plaintiff and other similarly situated individuals, cannot alter Defendant's behavior to avoid future violations of their constitutional rights at the hands of Defendants City of New York and its agencies NYPD and N.Y.C. District Attorney's Office and their employees, servants and agents.

60.     Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to her constitutional rights unless Defendants are enjoined from continuing their policy, practice and/or custom of allowing Plaintiff and individuals similarly situated, to remain in prolonged modified duty status and experience wage losses, and that have directly and proximately caused such constitutional violations.

61.     Furthermore, Plaintiff has been seriously damaged in lost wages experienced since November 24, 2010 and will experience future wage losses. Therefore, Plaintiff seeks compensatory damages in the amount to be determined at trial.

### THIRD CLAIM
(Claim Pursuant to 42 U.S.C. 1983 Against All Defendants
for Violations of the First Amendment -
Equal Protection)

62.     Plaintiffs repeats and re-alleges paragraphs 1 through 61 above as if fully set forth herein.

63.     Defendants City of New York, and its agencies NYPD and N.Y.C. District Attorney's Office and their employees, servants and agents, sanctioned, encouraged and utilized an arbitrarily and capricious policy and/or practice of keeping Plaintiff and other individuals

similarly situated without being charged with an offense or failing to adjudicate outstanding disciplinary matters in a timely fashion, and failing to equally protect and fairly treat all officers with a non-discriminatory disciplinary system.

64.     Plaintiff Diaz has languished in the Viper Unit on modified assignment for three years without being charged with an offense; while other officers with serious offenses are quickly returned to full duty once their disciplinary matters are adjudicated.

65.     Employees, servants and agents of Defendant City of New York and its agencies NYPD and N.Y.C. District Attorney's Office and their constitutional abuses and violations of the Fourteenth Amendment, in their role as state actors and acting under color of law, were and are directly and proximately caused by policies, practices and/or customs devised, implemented and enforced, encouraged and/or sanctioned by Defendant City of New York.

66.     Each of the Defendants has acted with deliberate indifference to the Fourteenth Amendment rights of Plaintiff and other similarly situated individuals. As a direct and proximate result of the acts of each of the Defendants, Plaintiff's Fourteenth Amendment rights have been violated. By acting under the color of law to deprive Plaintiff of her rights under the Fourteenth Amendment, the defendants are in violation of 42 U.S.C. § 1983, which prohibits deprivation under color of state law of rights secured under the United States Constitution.

67.     Because Defendant's policies, practices and/or customs are without any reasonable and/or articulable purpose, Plaintiff, and other similarly situated individuals, cannot alter Defendant's behavior to avoid future violations of their constitutional rights at the hands of Defendants City of New York, and its agencies NYPD and N.Y.C. District Attorney's Office and their employees, servants and agents.

68.     Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to her constitutional rights unless Defendants are enjoined from continuing their policy, practice and/or custom of failing to administer an equal and fair disciplinary system for Plaintiff and other individuals similarly situated, that have directly and proximately caused such constitutional violations.

## FOURTH CLAIM
(Claim Pursuant to 42 U.S.C. 1983 Against All Defendants
for Violations of the Fourth Amendment – Due Process Rights)

69.     Plaintiff repeats and re-alleges paragraphs 1 through 68 above as if fully set forth herein.

70.     Defendants   City of New York has, acting through its NYPD, developed implemented, sanctioned, encouraged and utilized an arbitrarily and capricious policy and/or practice of  not giving notice to Plaintiff and other individuals similarly situated of their intent and reason to prolong their modified duty status and an opportunity to be heard and appeal said decision.

71.     On November 24, 2010, Plaintiff's career in NYPD constructively ended when she was falsely arrested, unlawfully imprisoned and subsequently placed on modified assignment for three years without being charged with an offense.

72.     Within those three years, Plaintiff Diaz sent correspondences to NYPD's Deputy Commissioner of Personnel requesting to know how much longer she would remain on modified assignment and requested to be placed back on full duty.

73.     No one in NYPD responded to Plaintiff's requests.

74. Defendant City of New York, acting through its agency NYPD and its officers, supervisors and executive managers committed constitutional abuses and violations of the Fourteenth Amendment's Due Process right, in their role as state actors and acting under color of law, were and are directly and proximately caused by policies, practices and/or customs devised, implemented and enforced, encouraged and/or sanctioned by Defendants City of New York.

75. Each of the Defendants has acted with deliberate indifference to the Fourteenth Amendment – Due Process rights of Plaintiff and other similarly situated individuals. As a direct and proximate result of the acts of each of the Defendants, Plaintiff's Fourteenth Amendment rights have been violated. By acting under the color of law to deprive Plaintiff of her rights under the Fourteenth Amendment, the defendants are in violation of 42 U.S.C. § 1983, which prohibits deprivation under color of state law of rights secured under the United States Constitution.

76. Because Defendant's policies, practices and/or customs are without any reasonable and/or articulable purpose,  Plaintiff, and other similarly situated individuals, cannot alter Defendant's behavior to avoid future violations of their constitutional rights at the hands of Defendant City of New York, acting through NYPD and its employees, servants and agents.

77. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to her constitutional rights unless Defendants are enjoined from continuing NYPD's policy, practice and/or custom of denying due process rights due to Plaintiff  that have directly and proximately caused such constitutional violations.


**FIFTH CLAIM**
(Monell Claim)


13

78.    Plaintiff repeats and re-alleges paragraphs 1 through 77 above as if fully set forth herein.

79.    At all relevant times herein, Defendant City of New York, acting through its NYPD, developed, implemented, enforced, and sanctioned de facto policies, practices and/or customs exhibiting deliberate indifferences to Plaintiff's constitutional rights which caused the violation of such rights.

80.    Defendant's unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff Diaz of constitutional rights under the Fourth and Fourteenth Amendments of the U.S. Constitution.

81.    The constitutional abuses and violations by Defendant City of New York, through the actions of its Police Department and District Attorney's Office, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, encouraged, enforced, and sanctioned by Defendant City of New York, including the failure: (a) to adequately supervise and train its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on part of their police officers and investigators; (b) to properly and adequately monitor and discipline its officers, including Defendants; and (c) to properly and adequately investigate complaints of police making false arrests and unlawful imprisonment of citizens, acts of misconduct that were tolerated by Defendant City of New York.

82.    Upon information and belief, Defendant City of New York, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully arresting without reasonable suspicion or probable cause,

individuals who exercise their rights under the Fourth Amendment.

83.     Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff Diaz of her constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

84.     Defendants have acted with deliberate indifference to Plaintiff's constitutional rights. As a direct and proximate result of the acts as stated herein by each of the Defendants, Plaintiff's constitutional rights have been violated which has caused them to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

85.     Plaintiff Diaz has no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful polices, practices, and/or customs which have directly and proximately caused such constitutional abuses.

## SIXTH CLAIM
(Article I, Section 12 of New York State Constitution)

86.     Plaintiff repeats and re-alleges paragraphs 1 through 85 above as if fully set forth herein.

87.     The acts of Defendants, acting under color of law, in subjecting Plaintiff to unlawful search and seizure, and arrest without reasonable suspicion or probable cause and were designed to, and did cause pain and suffering and emotional distress to Plaintiff in violation of her constitutional rights as guaranteed by Article I, Section 12 of the New York State Constitution.

88.     The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to Plaintiff and violated her rights as guaranteed by the Constitution of the State of New York.

## SEVENTH CLAIM
(State Causes – Slander)

89.     Plaintiff repeats and re-alleges paragraphs 1 through 88 above as if fully set forth herein.

90.     That on November 24, 2010, Defendant Flores stated loudly that Claimant was "associating with a known felon" and subsequently informed Defendant John Doe #1 - NYPD Duty Captain of the 45th Precinct that Plaintiff Diaz was "Under!" Defendant John Doe #1 - NYPD Duty Captain of the 45th Precinct directed that Plaintiff be placed in custody and removed to the 43rd Precinct for interrogation.

91.     That said words were published by said Defendant to numerous law enforcement officials in Plaintiff's home and were later published to police officers and supervisors in her home command, throughout the NYPD community and newspapers in the City of New York; despite the fact that the Commanding Officer of the 43rd Precinct and an IAB Detective  on November 24, 2010 were relatives that associated with George Castro, but were never charged or arrested for "associating with a known felon".

92.     That said words were defamatory per se because they concerned and were about Plaintiff Diaz associating with a known felon, a serious employment termination offense in NYPD, and that she was a suspect of a crime that warranted her arrest.

93.     That said words were false.

94.     That said false words were made with scienter or knowledge of falsity, falsehood or in the alternative, were so recklessly and wantonly published as to give rise to an inference of malice.

95.     That said Defendants caused actual and emotional damages to the Plaintiff.

### EIGHTH CLAIM
(State Claims – Injurious Falsehood)

96.     Plaintiff repeats and re-alleges paragraphs 1 through 94 above as if fully set forth herein.

97.     That as a consequence of the foregoing, the words of Defendant Flores and actions by Defendant John Doe #1 were of a kind calculated to ostracize Plaintiff from her NYPD community and alter the remainder of her career.

98.     That as a result of the foregoing, both existing and potential, prospective police officers were prevented or dissuaded from dealing with or interacting with Plaintiff.

99.     That as a result of the foregoing, Defendant Flores and Defendant John Doe #1 damaged Plaintiff in a sum to be determined at trial.

### NINTH CLAIM
(State Claim – Prima Facie Tort)

100.    Plaintiff repeats and re-alleges paragraphs 1 through 99 above as if fully set forth herein.

101.    That the said Defendants intentionally inflicted said harm upon Plaintiff as aforesaid.

17

102.    That the said Defendants did so for no valid or justifiable excuse.

103.    That as consequences of the foregoing culpable conduct by Defendants, Plaintiff was, in fact, injured, both economically and non-economic damages, including suffering and mental anguish.

## TENTH CLAIM
### (State Claim – Respondeat Superior)

104.    Plaintiff repeats and re-alleges paragraphs 1 through 103 above as if fully set forth herein.

105.    The conduct of Defendant Flores, Defendant John Doe #1, and Defendant John Doe #2 occurred while they were on duty, in and during the course and scope of their duties and functions as a N.Y. District Attorney's Office Investigator and/or New York City Police Department Supervisors, and while they were acting as agents and employees of the Defendant City of New York, is liable to Plaintiff under the doctrine of respondeat superior.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Denise Diaz demands judgment as follows:

a)  A declaratory judgment that the practices complained of herein are unlawful under 42 U.S.C. § 1983, Fourth and Fourteenth Amendments of the United States Constitution and the New York State Constitution.

b)  An injunction against Defendants and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

c) Award Plaintiff Diaz compensatory damages against the Defendants, including but not limited to any emotional distress, recompensable costs related to criminal and administrative defenses, and any other compensatory damages as permitted by law and according to proof at trial;

d. Award Plaintiff punitive damages;

e. Award attorney fees pursuant to 42 U.S.C. § 1988;

f. Award costs of suit pursuant to 42 U.S.C. §§ 1920 1988; and,

g. Award such other and further relief as this Court determines to be just and proper.

Dated: Bronx, New York
November 14, 2013

Respectfully submitted,

By:_____
Ricardo A. Aguirre (RAA 7086)

Law Office of Ricardo Aguirre
*Attorney for Plaintiff*
644 Soundview Avenue, Suite 6
Bronx, New York 10019
Telephone (718) 542-9300
Facsimile (718) 542-2244
Email: aguirreesq@aol.com