# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN THE MATTER OF AN APPLICATION FOR A WARRANT TO SEARCH THE PREMISES LOCATED AT 109 ADMIRAL LANE, A TWO FLOOR SINGLE FAMILY HOME, BRONX, NEW YORK, 10473 ("TARGET PREMISES 1"), THE OFFICES OF IT & SECURITY SOLUTIONS LLC AT 115 EAST 57TH STREET, 11TH FLOOR, NEW YORK, NEW YORK ("TARGET PREMISES 2"), A WHITE AUDI BEARING NY STATE PLATE FFW1351 ("TARGET VEHICLE 1"), AND A VAN BEARING THE WORDS "IT SECURITY SOLUTIONS" BEARING NY STATE PLATE 78835JX ("TARGET VEHICLE 2").

927/10

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

Jon Reid, being duly sworn, deposes and says:

1. I am a detective investigator, shield #113, assigned to the Investigations Division of the New York County District Attorney's Office, and as such I am a public servant of the kind specified in CPL 690.05(1). I have been a detective investigator for over 2 years. I have executed and participated in more than 20 search warrants.

2. This affidavit is submitted in support of an application for a warrant to search 109 Admiral Lane, a single family home with two floors, Bronx, New York ("Target Premises 1"), and the Offices of IT & Security Solutions LLC at 115 East 57th Street, 11th Floor, New York, NY ("Target Premises 2"), a 2011 White Audi New York State Plates: FFW1351, Vehicle Identification Number ending in 2284 ("Target Vehicle 1"), a van bearing the words "IT Security Solutions WE ARE THE BUSINESS INTELLIGENCE PROVIDERS 212-939-7262 115 EAST 57TH STREET NEW YORK, NY" bearing NY state plate 78835JX ("Target Vehicle 2"), and the persons of George Castro and Denise Diaz, if present therein, where there is reasonable cause to believe that property, proceeds, and evidence of the commission of the below crimes, among others, and an attempt and conspiracy to commit the below crimes, may be found:

- Grand Larceny in the First Degree (P.L. §155.42 et. seq.)
- Identity Theft (P.L. §190.78 et. seq.)
- Criminal Possession of Stolen Property (P.L. §165.40 et. seq.)

3. The property, proceeds, and evidence of the commission, participation or involvement in the above crimes which may be found at Target Premise 1 and 2 and Target Vehicle 1 and 2, includes, but is not limited to:

a. Notes, photographs, forms, recordings and other records and documents, whether contained on paper in handwriting, typed, photocopy or printed form, or stored on computer printouts, or within computer storage media including, but not limited to, hard drives, USB devices, flash cards and drives, magnetic tape, CD ROM's, disks, diskettes, photo-optical devices, handheld computer devices, or any other medium, of or related to:

(i) names, dates of birth, addresses, social security numbers, credit card account numbers, debit card account numbers, and any and all other personal identifying information as defined in P.L. §190.77;

(ii) accounts, subscriptions, permissions and any and all other arrangements or agreements related to the usage of the internet, whether through internet service providers or other means;

(iii) financial transfers derived from the possession of cash currency, money orders, bank receipts, stocks, bonds, bills and any other financial receipts or records that may be stored in computers, hard drives, USB devices, flash cards and drives, magnetic tape, CD ROMs, disks, diskettes, photo-optical devices, handheld computer devices or any other medium;

b. Any documents or banking information including but not limited to any and all account statements and transaction details from, related to, or between Columbia University, Columbia Presbyterian Hospital, TD Bank, Sovereign Bank, Chase Bank, First Bank of Omaha, ETrade, Capital One, George Castro, Denise Diaz, Walter L. Stephens, Andre Mitchell, Jeremy Dieudonne, Dieudonne Partners, Cochise Quinones, Rosalina Diaz, Julio Acosta, IT & Security Solutions LLC, and Ryan Daelyn Technology Corp; currency, a safe, any container or lockbox that could contain currency, clothing, receipts for goods and services and merchandise from the following merchants, including but not limited to: Apple, PC Richards and Son, Staples, and Home Depot.

c. Any identification documents including, but not limited to, social security cards, resident alien cards, passports, credit/debit cards and drivers' licenses, whether counterfeit or authentic;

d. Electronic communication equipment including, but not limited to, telephone bases and handsets; cellular telephones; any device capable of sending or receiving electronic communication including, but not limited to, e-mail and text messages; answering machines; paging devices; related items to all such equipment including,

but not limited to, auxiliary batteries, chargers, software and wiring; and any stored information, data, and images contained on or in said communication equipment including, but not limited to, stored names and numbers and recorded messages;

e. Evidence of ownership and use of Target Premises 1 and 2 and the Target Vehicles 1 and 2, or the use of property located therein by any person, including, but not limited to, keys, telephone bills, bank statements, leases, deeds, or rent receipts related to the Target Premises or other documents bearing the address of either George Castro, Denise Diaz or the Target Premises 1 and 2 and the Target Vehicles 1 and 2, identification bearing the name or photograph of any person, telephone books, address books, date books, calendars, or personal papers.

f. Any and all financial documentation, including, but not limited to, statements for bank accounts, credit or debit cards, checks (blank or fully- or partially-completed), or credit reports in any name, or any other documentation bearing, or associated with, the name Columbia University, Columbia Presbyterian Hospital, TD Bank, Sovereign Bank, Chase Bank, First Bank of Omaha, E*Trade, Capital One, George Castro, Denise Diaz, Walter L. Stephens, Andre Mitchell, Jeremy Dieudonne, Dieudonne Partners, Cochise Quinones, Rosalina Diaz and Julio Acosta, IT & Security Solutions LLC, and Ryan Daelyn Technology Corp.

4. It is also requested for evidentiary purposes that this Court grant authorization for law enforcement personnel to videotape and photograph the interior of Target Premises 1 and 2; to process Target Premises 1 and 2 and Target Vehicle 1 and 2; and to analyze, test, and in any way scientifically process the Target Premises 1 and 2 and the Target Vehicles 1 and 2 and all items seized therein.

5. With respect to the stored electronic communications, data, information and images contained in computer disks, CD ROMs, hard drives and other data storage devices and media described above, it is also requested that this Court grant permission to search and retrieve the above-described communications, data, information, and images, and print them or otherwise reproduce them by converting them or copying them into storage in another device.

6. It is specifically requested that the search warrant authorize the seizure and removal of any and all electronic storage devices, cellular telephones and other electronic communication devices, related accessories and software for off-site searching. Based upon my training and experience, the examination of such devices can be a time-consuming process due to the constantly changing universe of technologies, models, operation systems, and types of content stored. Because of the volume of evidence and technical requirements of forensic examination, I am aware that searching and seizing information from such devices often requires police officers to seize most or all such devices (along with related peripherals) and software to be searched later by a qualified person in a laboratory or other controlled environment.

7. It is also requested that the warrant be deemed executed once any electronic communication equipment, computer disks, CD ROMs, hard drives and other data storage devices seized have been seized, and that further analysis of these items be permitted at any time thereafter.

8. As set forth below, there is reasonable cause to believe the above described property has been used, or is possessed for purpose of being used to commit or conceal the commission of an offense, and the above described property constitutes evidence or tends to demonstrate that an offense was committed or that a particular person participated in the commission of said offense.

My basis for believing that the property is in Target Premises 1 and 2 and Target Vehicles 1 and 2 is as follows:

a. I have been investigating the theft of monies from a Chase Bank account owned and operated by Columbia University, where over the past month and a half several million dollars have been diverted to several bank accounts I believe are owned and operated by, or affiliated with, an individual named George Castro.

b. On or about November 23, 2010, I was informed by Kenneth Finnegan, director of Investigations and Technology Projects, Columbia University Department of Public Safety, that someone had accessed their accounts payable system and changed information relating to a payee. According to Director Finnegan, on or about October 4, 2010, a change request was sent to and processed by Columbia University. This request pertained to a vendor account belonging to Columbia Presbyterian Hospital. According to Director Finnegan, Columbia University has a relationship with Columbia Presbyterian Hospital (hereinafter, CPH), and financial payments for services were regularly sent to a bank account affiliated with CPH. This October 4th request changed the payee information from CPH's legitimate account to a new account: a bank account affiliated with TD Bank, account number 4252828434. A review of JP Morgan Chase account records for the Columbia account showed that after the October 4th change form was processed, over $5 million dollars was sent to the TD Bank account 4252828434, without knowledge or permission or authority by Columbia University.

c. I am further informed by Jerry Donnelly a Fraud Investigator at TD Bank, that account number 4252828434 was opened on or about July 8, 2010, in the name IT Security Solutions LLC. The name listed on the signature card for said account is George Castro, date of birth 2/23/1962, and the account owner's address is 115 E 57th Street, 11th Floor, New York, NY [Target Premises 2]. Based on a review of subpoenaed records from said TD Bank account, I observed over $3.4 million dollars in credits deposited into said account from the aforementioned Columbia University account between October 4, 2010 and present. Based on my conversations with Director Finnegan, those deposits correspond to monies debited from Columbia's Chase account. Further review of said TD Bank records and conversations with TD Bank show that on numerous dates between October 4, 2010 and present, over $3 million dollars was either transferred to other bank accounts via check or wire transfer or withdrawn in cash. Based upon a review of the records and conversations with TD Bank, monies were ultimately transferred to other banks and banking institutions including: Sovereign Bank, First National Bank, Capital One Bank, and E*Trade. The names of the accounts monies were wired into include, but are not limited to: Dieudonne Partners & Co, IT Security Solutions, Andre J. Mitchell, Walter L. Stephens, Jr. A further review of said TD Bank accounts show that numerous large cash withdrawals totaling over $350,000 occurred during the month of October, and occurred at 500 Park Avenue, New York, NY and 2831 Broadway, New York, New York. Also, a review of the records and information from TD Bank shows that said monies transferred out of the account via

online wire transfers. Further review of the TD Bank records between the October 4, 2010 and present indicate purchases at the following locations: Apple, PC Richards and Son, Staples, and Home Depot.

      d.     I am further informed by Peter D'Angelo, an external fraud investigator at Captial One Bank. Investigator D'Angelo has reviewed several accounts affiliated with IT & Security Solutions LLC. Based upon that review, those conversations, as well as my own review of subpoenaed documents from Capital One, I have observed the following: at least three accounts exist at Capital One in the name of IT & Security Solutions. The account numbers for said accounts are: 7047081291, 7142855350, 7047081534 (hereinafter, the Capital One Accounts"). A review of the account information for each account shows that the address of IT & Security Solutions is 115 East 57th Street 11th Floor, New York, NY ("Target Premises 2"). A further review of account information shows that the signator for these business accounts is George Castro, address 109 Admiral Lane, Bronx, New York ("Target Premises 1"). Further review of transaction detail from said Capital One accounts shows hundreds of thousands of dollars being deposited into said accounts between October, 2010 and present. Based on my discussions with TD Bank and review of their records, these transactions correlate with withdrawals and wire transfers from the above referenced TD Bank account. Further review shows that numerous cash withdrawals were made from the Capital One Accounts. On many of the withdrawal slips, the driver's license identification number 485150946 and letters "NYSDL" were written onto each slip. I am informed that when a withdrawal is made, it is common banking practice to have the drawer present his drivers license or other identification and write down that information onto the withdrawal slip. Based on that information, and the ID number and the indication that the ID was a New York State Drivers License ("NYSDL"), I believe the person making all such withdrawals on the Capital One Accounts is the owner of NYSDL 485150946. Furthermore, the name on each of the withdrawal slips lists the drawee as IT & Security Solutions LLC. As stated above, the address for this company on the Capital One Bank Accounts, as well as the TD Bank accounts, is 115 East 57th Street, 11th Floor, New York, NY (Target Location 2). Further review of the Capital One Accounts show that several checks were issued from the account to individuals and corporations. A review showed checks processed on the following dates and amounts: 10/19/10: $80,000 paid to Rosalita Diaz, 11/5/10: $60,000 to Andre Mitchell, 11/12/10: $60,000 paid to Julio Acosta, 11/16/10: $1,254 paid to Allstate, 11/18/10: $60,000 paid to Denise Diaz, 11/22/10: $20,000 paid to Cochise Quinones. All such checks listed the word "loan" in the notes section, except for the Allstate check.

     e. I have reviewed checks drawn upon the above Capital One accounts in the name IT Security Solutions, and compared the signature on those checks with the signature card from the TD Bank account 4252828434, in an account IT Security Solutions. Based upon this comparison, I observed the signatures look the same, and believe the same person opened and operates both accounts.

     f.     I have reviewed New York State Department of Motor Vehicle driver license information for George Castro. My review shows that an individual named George Castro has a New York State driver's license, ID number 485150946, date of birth February 23, 1962, address 109 Admiral Lane, Bronx, New York.

     g. I have performed and reviewed a CLEAR background check on George Castro and the Target Premises 1 – 109 Admiral Lane, Bronx New York. My review of the background search on

109 Admiral Lane shows the owner as Denise Diaz. Further review of common addresses where George Castro lived recently showed a possible relative as Cochise Quinones. Based upon this information, I believe George Castro is paying large sums of monies stolen from Columbia University, transferred via the TD Bank account and into the Capital One Accounts, to his friends and relatives.

      h.      On November 23, 2010 I went to 115 East 57th Street, New York, New York (Target Premises 2). I observed the building is a commercial building, and an office directory in the lobby showed a company "IT & Security Solutions, LLC" listed as residing on the 11th floor.

i. Overall, based on the information listed above, my conversations with bank representatives, review of banking documents, and discussions with officials from Columbia University and review of their Chase banking accounts, I believe that George Castro, who lives at the Target Address 1, is utilizing several bank accounts to steal money from Columbia University and transfer it to himself and other affiliates via bank accounts at Capital One, Sovereign, TD Bank, and E*Trade. I believe once the money has been transferred into the illegally positioned TD Bank account, it is almost immediately transferred or wired out, or withdrawn, in an effort to hide and disburse funds. As George Castro is listed as the signator on the initial TD Bank account, listing his business address as 115 East 57th Street, 11th floor, New York, NY, I believe that this address is being utilized as a business address where millions of dollars in stolen funds have been funneled. Furthermore, as this is a business location I verified, and several withdrawal transactions occurred at TD Bank branches in nearby locations to the 115 East 57th Street location, I believe monies or evidence of these transactions may be found at the offices of IT & Security Solutions LLC at 115 East 57th Street, 11th Floor, New York, NY (Target Premises 2). Based on the above information from TD Bank and Columbia University, I believe that numerous transactions involving the fraud – from the initial bank transfer to the wire transfers – all occurred online. Based on my training and experience as a detective in over 20 fraud and computer cases, I know that evidence of online transactions and internet communications will remain on a computer hard drive for a long period of time – sometimes indefinitely – on the main memory or file slack, even if the user attempted to delete such evidence it may remain on file slack on the computer hard drive and be able to be retrieved via use of forensic software and analysis.

j. On November 24, 2010 I went to Target Premises 1 and observed George Castro exit Target Premises 1 and attempt to enter Target Vehicle 1. Upon apprehension of George Castro, defendant admitted to having several thousands of dollars in US Currency on him, as well as an Apple computer, and stated in substance THE MONEY JUST APPEARED IN MY ACCOUNT. I GOT GREEDY. I BOUGHT THE CAR WITH MONEY FROM THE ACCOUNT AND MADE OTHER PURCHASES. Based upon the context of the defendants' statements, defendant was referring to the Audi – Target Vehicle 1. I then recovered a backpack and envelope from defendant, as well as keys to the Target Premises 1 and 2 and Target Vehicles 1 and 2, and a receipt for Target Vehicle 1. The receipt shows Target Vehicle 1 was purchased on November 12, 2010 for $81,267. Based on my training and experience as a detective and my experience in executing search warrants, I know people commonly keep evidence of crimes including but not limited to documents and receipts in their vehicles. As this case involves two vehicles – one of which is registered to a company that is being utilized to embezzle funds and the other we believe was purchased with proceeds of the crime as it was purchased during the time frame of the fraud and

there were large cash withdrawals from both the business and personal accounts of George Castro and IT Security Solutions, LLC, I believe that evidence of the crimes may be found in both Target Vehicle 1 and 2. Furthermore, I believe and am requesting that Target Vehicle 1 and 2 be seized as either evidence or proceeds of the aforementioned crimes.

    k. On November 24, 2010 I observed in the vicinity of Target Premises 1 two vehicles – Target Vehicle 1 and Target Vehicle 2. I reviewed records from the New York State Department of Motor Vehicles which revealed that Target Vehicle 1 is owned by George Castro, 109 Admiral Lane, Bronx, New York, and Target Vehicle 2 is registered to IT Security Solutions at 115 East 57th Street, New York, NY. Based on the proximity of the vehicles to Target Premises 1, as well as the registration, I believe both vehicles are owned and operated by George Castro, and evidence of the above crimes may be found therein.

WHEREFORE, deponent respectfully requests that the court issue a warrant and order of seizure in the form annexed (i) authorizing a search of Target Premises 1 and 2 and Target Vehicle 1 and 2 and of the persons of George Castro and Denise Diaz, for the above described property, and (ii) directing that if such evidence is found, it be brought before the Court.

It is also requested that the Court specifically authorizes Law Enforcement to conduct the search in the manners as specifically requested in this affidavit.

No previous application has been made in this matter to any other Judge, Justice, or Magistrate.

_____
Detective Jon Reid

_____
Patty O'Connor
APPROVED: Assistant District Attorney

Sworn to before me this
_____ of _____ 2010

_____
Judge

927/10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER IN THE CITY OF NEW YORK

Proof by affidavit having been made this day before me by Jon Reid, Shield #113 of the Investigations Division of the New York County District Attorney's Office, (i) that there is reasonable cause to believe that certain property, to wit:

a. Notes, photographs, forms, recordings and other records and documents, whether contained on paper in handwriting, typed, photocopy or printed form, or stored on computer printouts, or within computer storage media including, but not limited to, hard drives, USB devices, flash cards and drives, magnetic tape, CD ROM's, disks, diskettes, photo-optical devices, handheld computer devices, or any other medium, of or related to:

> (i) names, dates of birth, addresses, social security numbers, credit card account numbers, debit card account numbers, and any and all other personal identifying information as defined in P.L. §190.77;
>
> (ii) accounts, subscriptions, permissions and any and all other arrangements or agreements related to the usage of the internet, whether through internet service providers or other means;
>
> (iii) financial transfers derived from the possession of cash currency, money orders, bank receipts, stocks, bonds, bills and any other financial receipts or records that may be stored in computers, hard drives, USB devices, flash cards and drives, magnetic tape, CD ROMs, disks, diskettes, photo-optical devices, handheld computer devices or any other medium;

b. Any documents or banking information including but not limited to any and all account statements and transaction details from, related to, or between Columbia University, Columbia Presbyterian Hospital, TD Bank, Sovereign Bank, Chase Bank, First Bank of Omaha, ETrade, Capital One, George Castro, Denise Diaz, Walter L. Stephens, Andre Mitchell, Jeremy Dieudonne, Dieudonne Partners, Cochise Quinones, Rosalina Diaz, Julio Acosta, IT & Security Solutions LLC, and Ryan Daelyn Technology Corp; currency, a safe, any container or lockbox that could contain currency, clothing, receipts for goods and services and merchandise from the following merchants, including but not limited to: Apple, PC Richards and Son, Staples, and Home Depot.

g. Any identification documents including, but not limited to, social security cards,

       resident alien cards, passports, credit/debit cards and drivers' licenses, whether counterfeit or authentic;

c. Electronic communication equipment including, but not limited to, telephone bases and handsets; cellular telephones; any device capable of sending or receiving electronic communication including, but not limited to, e-mail and text messages; answering machines; paging devices; related items to all such equipment including, but not limited to, auxiliary batteries, chargers, software and wiring; and any stored information, data, and images contained on or in said communication equipment including, but not limited to, stored names and numbers and recorded messages;

d. Evidence of ownership and use of Target Premises 1 and 2 and the Target Vehicles 1 and 2, or the use of property located therein by any person, including, but not limited to, keys, telephone bills, bank statements, leases, deeds, or rent receipts related to the Target Premises or other documents bearing the address of either George Castro, Denise Diaz or the Target Premises 1 and 2 and the Target Vehicles 1 and 2, identification bearing the name or photograph of any person, telephone books, address books, date books, calendars, or personal papers.

e. Any and all financial documentation, including, but not limited to, statements for bank accounts, credit or debit cards, checks (blank or fully- or partially-completed), or credit reports in any name, or any other documentation bearing, or associated with, the name Columbia University, Columbia Presbyterian Hospital, TD Bank, Sovereign Bank, Chase Bank, First Bank of Omaha, E*Trade, Capital One, George Castro, Denise Diaz, Walter L. Stephens, Andre Mitchell, Jeremy Dieudonne, Dieudonne Partners, Cochise Quinones, Rosalina Diaz and Julio Acosta, IT & Security Solutions LLC, and Ryan Daelyn Technology Corp.

may be found at 109 Admiral Lane, a single family home with two floors, Bronx, New York ("Target Premises 1"), or on the persons of George Colon or Denise Diaz if present therein, and

(ii) there is reasonable cause to believe that the above-described property constitutes evidence and tends to demonstrate that an offense was committed, that a particular person participated in the commission of such offense, and has been used, or is possessed for the purpose of being used, to commit or conceal the commission of an offense,

    YOU ARE THEREFORE COMMANDED, between 6:00 a.m. and 9:00 p.m., to enter and to search Target Premises 1, and the persons of George Colon or Denise Diaz, if present therein, for the above described property, and if you find such property or any part thereof to bring it before the

Court without unnecessary delay.

Further, this Court authorizes law enforcement personnel to videotape and photograph the interior of Target Premises 1; to process Target Premises 1 for fingerprints; and to analyze, test, and in any way scientifically process Target Premises 1 and all the items seized.

Additionally, with respect to the stored electronic communications, data, information and images contained in electronic communication equipment, computer disks, CD ROMs and hard drives, and other data storage devices and media described above, this Court authorizes that such stored electronic communications, data, information and images may be reproduced by printing or converting or copying them into storage in another device.

It is specifically authorized that the search of any electronic communication equipment, computers and computer related equipment will be deemed executed at the time those devices' hard drive(s) or storage devices have been seized, and that further analysis of these items may be undertaken at any time thereafter.

It is specifically authorized that any computer(s), cellular telephone(s), electronic communication device(s) and related equipment may be seized and removed for off-site examination.

This warrant must be executed within 10 days of the date of issuance.

_____
Judge of the Supreme Court

Hon. C. Berkman

PT. 71   NOV 2 4 2010

Dated: New York, New York
11/24/10