United States District Court
Southern District of New York

————————————————————————

Denise Diaz,
Plaintiff,

- against –

CITY OF NEW YORK , NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE,
NEW YORK CITY POLICE DEPARTMENT, RAYMOND KELLY, individually and in his
capacity as the former Commissioner of the New York City Police Department, JOSE
FLORES, individually and in his official capacity as Investigator for the New York County
District Attorney's Office, JOHN DOE 1, individually and in his official capacity as Captain in
the NYPD, and JOHN DOE 2, individually and in his official capacity as an Officer in the
NYPD or the New York City District Attorney's office,
Defendants

————————————————————————

**MEMORANDUM OF LAW
IN SUPPORT OF THE NEW YORK COUNTY DISTRICT ATORNEY'S OFFICE
AND INVESTIGATOR JOSE FLORES  MOTION TO DISMISS PURSUANT TO
FEDERAL RULE 12 (b)(1), 12(b)(6) AND 4 (m)**

————————————————————————————————

13 Civ. 8281 (PAC) (JCF)

————————————————————————————————

CYRUS R. VANCE, JR.
District Attorney
New York County
Attorney for Defendants Jose Flores and
The New York County District Attorney's Office
One Hogan Place
New York, New York 10013
(212) 335-4364
Maureen T. O'Connor
Assistant District Attorney
of Counsel

<u>TABLE OF CONTENTS</u>

Page

THE AMENDED COMPLAINT .................................................................................................2

PLAINTIFF'S CLAIMS ARE UNTIMELY AND FAIL TO STATE A CLAIM UPON WHICH
RELIEF CAN BE GRANTED .................................................................................................4

**A.**     Plaintiff failed to timely serve the summons and complaint on the DA Defendants ...............4

**B.**     Plaintiff has failed to allege facts sufficient to support a cause of action ...................................6

**C.**     DANY is not a suable entity and is protected from suit by the 11th Amendment ..................11

**D.**     Inv. Flores is protected by qualified immunity ...........................................................................13

**E.**     Plaintiff's State claims are untimely ...............................................................................................15

CONCLUSION .................................................................................................................................18

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

<span style="font-variant:small-caps">CASES</span>

Arizonans for Official English v. Arizona,
520 U.S. 43 (1997)............................................................................................12

Ashcroft v Iqbal,
129 S.Ct. 1937 (2009)...............................................................................7-8, 11

Barber v. Daly,
185 A.D.2d 567 (3rd Dept. 1992) .....................................................................17

Barr v. County of Albany,
50 N.Y.2d 247 (1980) .......................................................................................10

Bell Atlantic Corp. v. Twombly,
550 U.S. 544 (2007)......................................................................................7, 11

Connecticut ex rel Blumenthal v Crotty,
346 F 3d 84 (2d Cir 2003) ................................................................................14

Boda v. Phelan,
No 11 –CV-00028 (KAM), 2012 U.S.Dist. LEXIS 110304, E.D.N.Y. Aug. 6, 2012 ....................17

Bradley v.City of New York,
2009 WL 1703237 (E.D.N.Y. June 18, 2009) ...................................................11

Brian v Richardson,
87 N.Y.2d 46 (1995) .................................................................................. 17-18

Brogdon v. City Of New Rochelle,
200 F. Supp. 2d 411 (S.D.N.Y. 2002)......................................................... 13, 15

Chambers v. Time Warner, Inc.,
282 F.3d 147 (2d Cir. 2002) ...............................................................................7

Chubbs v. City of New York,
324 F. Supp. 1183 (E.D.N.Y. 1971) ....................................................................7

Conte v. County of Nassau, No,
06-CV-4746 (JFB) (ETB) 2013 U.S. Dist.Lexis 105207 ...................................16

Cooper v. Parsky,
140 F3d 433 (2d Cir. 1998) ................................................................................8

Cornejo v Monn,
592 F3d 121 (2d Cir 2010), cert denied 131 S.Ct. 158 (2010) ................... 13-14

Davidson v. Bronx Mun. Hosp.,
    64 N.Y.2d 59 (1984) ........................................................................................... 16

Du Chateau v. Metro-North Commuter R.R. Co.,
    253 A.D.2d 128 (1st Dept. 1999) ......................................................................... 13

Escalera v. Lunn,
    361 F.3d 737 (2d Cir. 2004) ................................................................................. 13

Farrell v. Burke,
    449 F.3d 470 (2d Cir. 2006) .......................................................................... 9-10, 13

Fincher v. County of Westchester,
    979 F. Supp. 989 (S.D.N.Y. 1997) ....................................................................... 16

Gonzalez v. City of New York,
    1999 U.S. Dist. LEXIS 11413 .............................................................................. 11

Hancock v. Washtenaw County Prosecutor's Office,
    548 F. Supp. 1255 (E.D. Mich. 1982) .................................................................. 12

Hassig v. FitzRandolph,
    8 A.D.3d 930 (3rd Dept. 2004) ............................................................................ 18

Jacobs v. Port Neches Police Dep't,
    915 F. Supp. 842 (E.D. Tex. 1996) ...................................................................... 12

Jenkins v City of New York,
    478 F3d 76 (2d Cir 2007) ..................................................................................... 14

Kentucky v. Graham,
    473 U.S. 159 (1985) ............................................................................................. 12

LaFleur v. Whitman,
    300 F.3d 256 (2d Cir. 2002) ................................................................................... 7

Malley v Briggs,
    475 US 335 (1986) ............................................................................................... 15

Martinez v. Winner,
    771 F.2d 424 (10th Cir. 1985) ............................................................................. 12

McLaurin v. New Rochelle Police Officers,
    368 F. Supp. 2d 289 (S.D.N.Y. 2005) .................................................................. 16

Monell v. Department of Social Servs.,
    436 U.S. 658 (1978) ....................................................................................... 10-11

New York v. Operation Rescue Nat'l,
  273 F.3d 184 (2d Cir. 2001) ........................................................................................ 7

O'Brien v. City of Syracuse,
  54 N.Y.2d 353 (1981) ................................................................................................. 15

Omni Capital International, Ltd. v Rudolf Wolff & Co., Ltd,
  484 U.S. 97 (1987) ....................................................................................................... 5

Patterson v. County of Oneida,
  375 F.3d 206 (2d Cir. 2004) ...................................................................................... 10

Penhurst State Schools & Hosp. v. Halderman,
  465 U.S. 89 (1984) ...................................................................................................... 12

Provost v. City of Newburgh,
  262 F3d 146 (2d Cir 2001) ........................................................................................ 14

Salter v. Show Shoe, Inc.,
  2005 WL 1027253 (S.D. Ala.) .................................................................................. 5-6

Saucier v Katz,
  533 U.S. 194 (2001) ............................................................................................... 13-14

Shmueli v. New York City Police Dept.,
  295 A.D.2d 271 (1st Dept. 2002) .............................................................................. 11

Steed v. Delohery,
  1998 U.S. Dist. LEXIS 2754 (S.D.N.Y. Mar. 11, 1998) ........................................ 12

Taravella v Town of Wolcott,
  599 F3d 129 (2d Cir 2010) ........................................................................................ 13

Tucker v. City of New York,
  184 Misc.2d 491 (Sup. Ct., N.Y. Co. 2000) ............................................................ 10

Valle v. Bally Total Fitness,
  No 99 Civ. 11650 (RCC) (KNF), 2001 U.S. Dist. Lexis 16285 (S.D. N.Y. Oct. 9, 2001) ............. 16

Warner v. Goshen Police Dept.,
  256 F. Supp. 2d 171 (S.D.N.Y. 2003) ...................................................................... 16

Will v. Michigan Dept. of State Police,
  491 U.S. 58 (1989) ...................................................................................................... 12

Ying Jing Gan v. City of New York,
  996 F.2d 522 (2d Cir. 1993) ...................................................................................... 12

Ying Jing Gan v City of New York,
   996 F2d .................................................................................................................................... 13-14

**STATUTES**

42 U.S.C. § 1983 ................................................................................................................... *Passim*

Code § 7-110 .................................................................................................................................. 15

CPLR § 3211(a)(7) ....................................................................................................................... 10

N.Y. Gen. Mun. Law § 50-e(1)(a) ........................................................................................ 15

N.Y. Gen. Mun. Law § 50-e(1)(b) ........................................................................................ 15

N.Y. Gen. Mun. Law § 50-e(7) ............................................................................................... 16

N.Y. Gen. Mun. Law §§ 50-e and 50-i ................................................................................ 15

N.Y. Gen. Mun. Law § 50-k ..................................................................................................... 15

New York, County Law § 941 ................................................................................................. 10

New York law. County Law § 54 ........................................................................................... 10

PL §165.54 ....................................................................................................................................... 8

PL §470.20 ........................................................................................................................................ 8

Public Officers Law § 2 ............................................................................................................. 10

State Penal Law §155.42 .............................................................................................................. 8

**OTHER AUTHORITIES**

Fourth Amendment .......................................................................................................... 8, 14-15

11th Amendment ........................................................................................................................... 11

Eleventh Amendment ................................................................................................................. 12

Fed. R. Civ. P. 4 ............................................................................................................................. 4

Fed. R. Civ. P. 8(a)(2) ................................................................................................................... 6

Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and Rule 4 (m) ...................................................... 1

Fed. R. Civ. Pro. 6 (b) ............................................................................................................. 5-6

Federal Rules of Civil Procedure 4 (m) .......................................................................... 4-5

Rule 12(b)(6) and Rule 4 (m) of the Federal Rules of Civil Procedure........................................................1

Rule 12(b)(6) ...............................................................................................................................................7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENISE DIAZ, | ECF |
| Plaintiff, | 13 CV 8281 (PAC)(JCF) |
| -against- | |
| THE CITY OF THE NEW YORK, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, THE NEW YORK CITY POLICE DEPARTMENT, RAYMOND W. KELLY, individually and in his capacity as the former Commissioner of the New York City Police Department, JOSE FLORES, individually and in his official capacity as Investigator for the New York County District Attorney's office, JOHN DOE 1,individually and in his official capacity as Captain in the NYPD, and JOHN DOE 2, individually and in his official capacity as an Officer in the NYPD  or the New York City District Attorney's Office, | |
| Defendants, | |

**MEMORANDUM OF LAW IN SUPPORT OF THE NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE AND INVESTIGATOR JOSE FLORES' MOTION TO DISMISS**

Defendants New York County District Attorney's Office ("DANY") and Investigator Jose Flores ("Inv. Flores") (collectively "DA Defendants") submit this Memorandum of Law in support of their motion for an order pursuant to Rule 12(b)(6) and Rule 4 (m) of the Federal Rules of Civil Procedure dismissing the complaint for failure to state a claim upon which relief can be granted and for failure to timely serve the DA Defendants with the complaint, and for any other fair and equitable relief.

PRELIMINARY STATEMENT

In this pre-answer motion, submitted pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and Rule 4 (m), the DA Defendants are obliged to assume the truth of  any factual assertions

made by plaintiff. Nevertheless, the DA Defendants wish to make plain that they by no means concede the veracity of plaintiff's allegations. Indeed, plaintiff's complaint contains statements that are either misleading or false. The DA Defendants emphasize that the failure to identify each of these misstatements in this memorandum is based solely on the procedural requirements attendant with the present motion.

INTRODUCTION

By his causes of action brought pursuant to 42 U.S.C. § 1983, plaintiff seeks to hold the DA Defendants liable, in their official and individual capacities, in connection with the events surrounding the search of plaintiff's home on November 24, 2010. However, even accepting the truth of plaintiff's allegations for purposes of this motion, plaintiff failed to timely serve the DA Defendants and, further plaintiff's complaint fails to state a viable claim against Inv. Flores or DANY. As such, plaintiff's complaint should be dismissed against the DA Defendants.

THE AMENDED COMPLAINT

According to plaintiff – an officer with the New York City Police Department (AC¶ 30) - in the morning hours of November 24, 2010, plaintiff's common-law husband, George Castro, was arrested outside plaintiff's home (Amended Complaint ["AC"] ¶27). Plaintiff approached officers in the area to inquire as to what was happening and was told by non-party Investigator Michael Wigdor "Mind your business. Go back inside! This has nothing to do with you!" (AC ¶28) Plaintiff produced her NYPD identification to Investigator Wigdor; they went to plaintiff's residence where Investigator Wigdor contacted an Assistant District Attorney and advised that a search warrant was needed (AC ¶ 30). Plaintiff contacted her union attorney, Andrew Quinn, who advised unnamed "officials," via telephone, not to conduct a search without a "fully executed warrant" (AC ¶¶31-32). Purportedly, at approximately 8:50 a.m., Inv. Flores "loudly" stated plaintiff was "associating with a

known felon" (AC ¶33). Subsequently, Inv. Flores allegedly informed defendant, John Doe #1 - whom plaintiff assumes was the Duty Captain of the 45th Precinct - that plaintiff was "Under," which plaintiff asserts means "a person is under arrest" (AC ¶33). Thereafter, John Doe #1 allegedly conferred with Inv. Flores. John Doe #1 directed that plaintiff be placed in custody and escorted to and detained at the 43rd precinct for interrogation. Sgt. Anthony Borelli, plaintiff's Police Benevolent Association ("PBA") Delegate, escorted her to the 43rd precinct (AC ¶35). Plaintiff remained at the precinct with two Internal Affairs Bureau sergeants guarding her (AC ¶37). Plaintiff alleges she was unable to make a phone call or use the bathroom without an escort (AC ¶38). At 3:00 p.m. that afternoon PBA Delegate Borelli informed plaintiff that DANY had obtained a search warrant for her residence (AC ¶41). Plaintiff told Borelli that she wanted to be present for the search but was advised she could not leave the precinct - she does not identify by whom (AC ¶ 42). Plaintiff also claims her request to inspect the search warrant was denied (AC ¶43) - but again she does not identify by whom.

Recovered from plaintiff's residence were three computers, $5000.00 in cash, financial documents, a camera and film (AC ¶44). Plaintiff does not allege when these items were recovered. But, while plaintiff also asserts that the warrant was not drafted or executed on "November 24, 2011"[1] (AC ¶49), annexed herein is a copy of the signed search warrant affidavit along with the court ordered warrant, issued by the Honorable Carol Berkman at 1:10 p.m. on November 24, 2010. (See Declaration by Maureen T. O'Connor dated May 12, 2014 [O'Connor Decl.] at Exh. A). Plaintiff alleges, without being charged with a crime or violation, she was released from the precinct at 7:05 p.m. later that same day (AC ¶40).

---

[1] Although plaintiff alleges it was the year 2011, it is assumed this is a typo as the rest of the complaint refers to 2010.

Plaintiff goes on to complain that at some later date, she noticed long pauses, beeping sounds and backgrounds noises during use of her home phone (AC ¶¶52-53), and believes she was subjected to unlawful surveillance by either the City, the NYPD or DANY (AC ¶55).[2]

## PLAINTIFF'S CLAIMS ARE UNTIMELY AND FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A. Plaintiff failed to timely serve the summons and complaint on the DA Defendants

Federal Rules of Civil Procedure 4 (m) requires a summons to be served within 120 days of filing of the complaint.  Similarly, Fed. R. Civ. P. 4 (c) (1) requires that a summons "shall be served together with a copy of the complaint...within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint." And "[i]f service of the summons and complaint is not made upon a defendant within 120-days of the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4 (m).

The importance of timely service should not be understated, as it is the means by which the court obtains personal jurisdiction over a defendant. In other words, "[s]ervice of summons is the procedure by which a Court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Omni Capital International, Ltd.  v Rudolf Wolff & Co., Ltd* 484 U.S.  97, 104 (1987).

---

[2] Plaintiff makes further allegations regarding her continued employment with the NYPD, allegations which are not relevant to her claims against the DA Defendants. (AC¶¶ 56-75).

Plaintiff filed her complaint on November 20, 2013, nearly three years after the complained of conduct. Service of the summons and complaint was due on or before March 20, 2014. Plaintiff, however, failed to serve the summons or the complaint on either of the DA Defendants within the statutory time period. Nevertheless, as reflected in the court docket sheet, on March 27, 2014, this Court, apparently extended plaintiff's time for service, and directed that she file and serve her amended complaint by April 14, 2014. But, again plaintiff failed to timely serve, even within the extended period of time. In-fact, it was not until May 1, 2014, that the DA Defendants were served with plaintiff's summons and amended complaint (See O'Connor Decl. at Exh. B).   Given that plaintiff failed to serve the DA Defendants both within the 120-day period, or within the extra time period allowed by the court, the complaint against the DA Defendants should be dismissed.

When a plaintiff fails to serve her summons and complaint within the statutorily permitted time, a court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4 (m)   See _e.g._, _Salter v. Show Shoe, Inc._ 2005 WL 1027253 at 1 (S.D. Ala.) (Even where a court has determined a plaintiff has "good cause" for his failure, the court is required to either (1) extend the time for service or (2) exercise its discretion to either dismiss the case or extend the time for service if good cause was not shown).   Good cause or not, plaintiff has already been granted an extension of time for service by this court, and another extension of time should not be granted; not only because there is no good cause for such an extension, but also because she failed to move this court for another extension of time  pursuant to Fed. R. Civ. Pro. 6 (b).

Not surprisingly, good cause is not easily granted as it requires "a valid reason for delay, such as the defendant's evading service."   Id. (_quoting Coleman v. Milwaukee Bd. of Sch. Dirs._, 290 F.3d 932, 934 (7th Cir. 2002)).   When assessing good cause, courts look to whether "the plaintiff was diligent

in making reasonable efforts to effect service, including but not limited to whether plaintiff moved under FRCP 6(b) 'for an extension of time in which to serve the defendant.' " *Salter v. Show Shoe, Inc.* 2005 WL 1027253 **5-6 (*quoting Gordon v. Hunt*, 835 F.2d 452, 453 (2d Cir.1987)). And, of course, "[a]n attorney's 'inadvertence, neglect, or mistake' is ordinarily insufficient to support a finding of good cause." Id. at *6 (*quoting AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000)).

Plaintiff has neither moved pursuant to Fed. R. Civ. Pro. 6 (b), nor has she advanced any allegations in her amended complaint to support a finding of "good cause" for her failure to timely serve the DA Defendants. Certainly there has been no allegation of evasion of service.  At bottom, by March 27, 2014, 127-days had passed since plaintiff filed her complaint.  Nevertheless, in an exercise of its discretion, the court permitted plaintiff an additional 3-week period, until April 14, 2014, within which to comply with her statutory obligation. Yes, even with that additional time, the plaintiff still failed to timely perfect service on the DA Defendants.

Simply put, there is no good cause for plaintiff's failure to serve the complaint on the DA Defendants, even after being granted additional time. As such, plaintiff's claims against the DA Defendants should be dismissed with prejudice.

### B.  Plaintiff has failed to allege facts sufficient to support a cause of action

Under the "notice pleading" standard of Fed. R. Civ. P. 8(a)(2), a plaintiff is not required to advance every particular fact underlying her complaint to state a viable cause of action, so long as her pleading afford the defendants fair notice of the claims being made against them.  See *Erickson v. Pardus*, 551 U.S.89, 127 S. Ct. 2197, 2200 (2007).  However, complaints that constitute no more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v Iqbal*, 129 S.Ct. 1937, 1949 (2009)(internal citations omitted).

Put differently, plaintiff must do more than offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"; rather, she must advance sufficient factual allegations that, taken as true, are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). Thus, even when assuming all facts alleged in the amended complaint to be true, a plaintiff must nudge her "claims across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 129 S.Ct at 1949

The Court's inquiry under Rule 12(b)(6) is generally limited to testing the allegations of the complaint, though the Court should also consider any "matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). For example, a Court may take judicial notice of state court records pertaining to the underlying criminal prosecution. See *Chubbs v. City of New York*, 324 F. Supp. 1183, 1187-88 (E.D.N.Y. 1971); see generally *LaFleur v. Whitman*, 300 F.3d 256, 267 n.1 (2d Cir. 2002) (court may take judicial notice of records filed in state court proceeding); *New York v. Operation Rescue Nat'l*, 273 F.3d 184, 199 (2d Cir. 2001) (similar).

With these principles in mind, it is clear that plaintiff has failed to sufficiently allege a plausible cause of action as to the DA Defendants. Those few allegations contained in the amended complaint with respect to the DA Defendants are conclusory, lack factual specificity, and are insufficient to raise a right to relief above the speculative level. Moreover, plaintiff's reliance on legal conclusions couched as factual assertions; those conclusions are not entitled to the assumption of truth. *Ashcroft v Iqbal*, 129 S.Ct. at 1949. See *Cooper v. Parsky*, 140 F3d 433, 440 (2d Cir. 1998)(bald assertions and conclusions of law are insufficient to survive a motion to dismiss).

Plaintiff's amended compliant consists of disjointed and convoluted assertions which fails to attribute sufficiently specific allegations against the DA defendants. The only factual allegations

plaintiff has specifically asserted against Inv. Flores is that, while outside plaintiff's home he "loudly stated that claimant was 'associating with a known felon,'"[3] and he stated "Under!" to John Doe #1 (AC ¶33).

Under her first cause of action, plaintiff claims, against all defendants, Fourth Amendment violations asserting she was subjected to an unreasonable search and seizure, unlawful telephone surveillance and an arrest without probable cause (AC ¶77).  But, plaintiff does not allege that the DANY or Inv. Flores participated in the search the plaintiff or her home, or participated in plaintiff's purported detention at the 43rd precinct.  Alleging that Inv. Flores said to John Doe #1 the term "Under" and that plaintiff associated "with a known felon" without more, does not allege a Fourth Amendment violation. Plaintiff does not even allege that Inv. Flores directed John Doe #1 to place plaintiff in custody or under arrest or otherwise detain her.  Simply put, she has failed to allege personal involvement in her alleged "arrest." Further, merely claiming those statements were made "without probable cause or an arrest warrant" – plainly conclusory legal language – does not correct the deficiency as it amounts to no more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [which] do not suffice." *Ashcroft v Iqbal*, 129 S.Ct. at 1949   And most importantly, plaintiff's claim that "the search warrant was not drafted or executed on November 24, 2011," (AC ¶¶48-50), is demonstrably false as the search of plaintiff's

---

[3] Of note, the certificate of conviction for George Castro, plaintiff's common law husband, certifies that on August 7, 2012 Castro was convicted, after trial, of Grand Larceny in the First Degree under New York State Penal Law ("PL") §155.42, Criminal Possession of Stolen Property in the First Degree in violation of PL §165.54 and Money Laundering in the First Degree, in violation of PL §470.20, and is presently serving a sentence of a 7 to 21 years. See O'Connor Decl. at Exh. C.

home and person, whether by the NYPD or other law enforcement personnel, was in-fact expressly authorized by the Court (O'Connor Decl. at Exh. A). [4]

Plaintiff's reliance on scant factual assertions, lack of personal involvement and a demonstrably false allegation demonstrates the insufficiency of the allegations and their failure to raise the right to relief above the speculative level. The same is true of plaintiff's claim of unlawful telephone surveillance. She alleges no facts in support a claim of "unlawful" surveillance. Instead she relies "upon information and belief" and law enforcement experience, to claim that long pauses, beeping sounds and backgrounds noises during use of her home phone constituted an unlawful surveillance (AC ¶¶52-53). While speculative, the allegation is hardly a well pled factual allegation. Moreover, she does not factually allege any personal conduct by Inv. Flores or DANY in the supposed surveillance. Of course, absent any personal involvement by the DA defendants the alleged unlawful surveillance, plaintiff's claim fails against the DA defendants as it is "well settled in [the Second] Circuit that *personal involvement* of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)(emphasis added)

By her Second, Third and Fourth claims, again as to "all" defendants, plaintiff complains of having "languished" at employment assignments at NYPD, (AC ¶86), her duty status with the NYPD (AC ¶82), compensation matters within the NYPD, (AC ¶87) and her NYPD lost wages (AC ¶82). She seeks to enjoin the NYPD from an engaging in an alleged policy and practice of

---

[4] Attached to the Amended Complaint is Exhibit A, which plaintiff purports to be a "search warrant" (AC ¶ 48). A reading of Exhibit A makes plain it is the affidavit in support of a search warrant. The search warrant itself was signed and issued by Justice Carol Berkman on November 24, 2010, at 1:10 p.m., and expressly authorizes a search of the premises, plaintiff's person and two vehicles (O'Connor Decl. at Exh. A).

"prolonged modified duty status" and lost wages (¶82).  What plaintiff has not alleged is any conduct by the DA Defendants in these claims, nor could she in good faith. Plaintiff does not claim she is employed by the DA Defendants, nor does she allege the DA defendants had any personal involvement in determination of her lost wages, duty status, disciplinary actions, or assignments in NYPD.   Plaintiff has failed to allege any facts against any DA Defendant as to her Second, Third and Fourth Claims. Without any factual allegations of any conduct by the DA Defendants, these must fail. See *Farrell v. Burke*, 449 F.3d at 484.

Plaintiff's seeking to hold the elected District Attorney individually liable based upon the alleged activities or omissions of his employees would do so under a *respondeat superior* theory of liability; yet it is clear that this is not a viable theory of liability under federal law.  *Monell v. Department of Social Servs.*, 436 U.S. 658, 691-95 (1978); *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004). Equally, *respondeat superior* is not a viable theory of liability under New York law. County Law § 54 specifically provides that "[n]o head of any agency . . . or office of a county shall be liable to respond in damages . . . for any act or omission of any employee . . . employed within the agency . . . or office of which he is such head." This statute is applicable to the counties within the City of New York, County Law § 941, and as the elected District Attorney of New York County, it is beyond question he qualifies as the head of DANY. See Public Officers Law § 2.  Thus, New York law precludes District Attorney from being held liable under any theory of vicarious tort liability.  See *Barr v. County of Albany*, 50 N.Y.2d 247, 257 (1980); *Tucker v. City of New York*, 184 Misc.2d 491, 492 (Sup. Ct., N.Y. Co. 2000).  In fact, the First Department has squarely held that a plaintiff's "[s]tate law claims against [the] District Attorney [], seeking to hold him vicariously accountable for the acts or omissions of his subordinates, . . . [are] properly dismissed [upon motion pursuant to CPLR § 3211(a)(7)], since claims premised on vicarious liability do not lie against the head of a county agency." *Shmueli v. New York City Police Dept.*, 295 A.D.2d 271 (1st Dept. 2002).

Moreover, given the scarcity of factual allegations to support her *Monell* the claim, (AC ¶¶102-10) regardless of the named party, it bears noting that to survive a motion to dismiss under Twombly and Iqbal, plaintiff must plead sufficient factual matter to plausibly suggest that the municipality had a "custom, policy, or usage" that caused her federal rights to be violated.  Plaintiff's allegations of a municipal custom or policy are, at best, conclusory assertions. (See AC ¶104) (Alleging a failure to adequately supervise and train its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on part of their police officers and investigators").  However, the Amended Complaint is entirely devoid of facts that might support the conclusions plaintiff advances in support of this claim. These "[t]hreadbare recitals of the elements," required to prove *Monell* liability are legal conclusions, not well-pleaded factual allegations entitled to a presumption of truth.  Iqbal, 556 U.S. at 689. Because plaintiff has not contextualized her allegations with any facts, she fails to state a plausible claim that the Defendants are liable for the constitutional deprivations that she alleges.  See, *e.g.*, *Guan N. v. N. Y.C. Dep 't of Educ.*, 2014 WL 1275487, at *22 (S.D.N.Y. Mar. 24, 2014); *Bradley v.City of New  York*, 2009 WL 1703237, at *3 (E.D.N.Y. June 18, 2009).

**C.**  DANY is not a suable entity and is protected from suit by the 11th Amendment

Plaintiff's complaint should be dismissed for additional reasons.  For example, she names as a defendant "The New York County District Attorney's Office" or DANY.  Plaintiff has not named the District Attorney himself.  Rather, she seeks to sue the District Attorney's Office.  However, the "New York County District Attorney's Office" is not a suable entity recognized by New York law, and judgment may not be entered against it on any of plaintiffs' claims.  See *Gonzalez v. City of New York*, 1999 U.S. Dist. LEXIS 11413, *1-*2 (S.D.N.Y. July 27, 1999) (holding that "the New York County District Attorney's Office . . . does not have a legal existence separate from the District Attorney himself," and thus is not a suable entity); *Steed v. Delohery*, 1998 U.S. Dist. LEXIS 2754, *3 (S.D.N.Y.

11

Mar. 11, 1998) ("The New York County District Attorney's Office is not a suable entity."); <u>accord</u> *Martinez v. Winner*, 771 F.2d 424, 442 (10th Cir. 1985) ("Kenosha County District Attorney's Office" not a suable entity); *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) ("A county district attorney's office is not a legal entity capable of suing or being sued."); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982) (dismissing case against "Washtenaw County Prosecutor's Office" because it "is not an entity and, therefore, not a person subject to suit under § 1981 or § 1983").

Moreover, even plaintiff had alleged her claim against the District Attorney - as opposed to DANY - when done so in his official capacity, the law is clear that "[w]hen prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) (internal quotes and citation omitted).  But the Eleventh Amendment divests this Court of subject matter jurisdiction over any claim for money damages against a state actor in his official capacity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) Thus, any federal claim for damages against the DA Defendants in their official capacity is plainly barred by the Eleventh Amendment. *Penhurst State Schools & Hosp. v. Halderman*, 465 U.S. 89, 120-21 (1984)   Moreover, a state actor sued in his official capacity is not a "person" subject to liability under § 1983, *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), and this is the additional "stopper" to any such "official capacity" claim against the DA Defendant. <u>See</u> *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 & n.24, (1997); *Ying Jing Gan v. City of New York*, 996 F.2d at 536.  The Eleventh Amendment likewise precludes any state law claim brought in this forum against the DA Defendants. <u>Id</u>. at 529.  For the foregoing reasons, plaintiff's complaint should be dismissed.

Even assuming plaintiff has attempted to assert claims against the District Attorney in his individual capacity, the claims likewise fail.  Plaintiff has not alleged that the District Attorney played

any role in the events of November 24, 2010. Of course, absent any personal involvement by the District Attorney in the complained of conduct, plaintiff has no § 1983 claims against the District Attorney. See *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006); see also *Escalera v. Lunn*, 361 F.3d 737, 748-49 (2d Cir. 2004) (personal involvement a prerequisite for federal claim of false arrest); *Brogdon v. City Of New Rochelle*, 200 F. Supp. 2d 411, 426 (S.D.N.Y. 2002)(similar). The same is true under New York law. See *Du Chateau v. Metro-North Commuter R.R. Co.*, 253 A.D.2d 128, 132-33 (1st Dept. 1999).

**D.** Inv. Flores is protected by qualified immunity

Qualified immunity protects state officials from liability for damages based upon performance of discretionary official acts as long as the challenged conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Saucier v Katz*, 533 U.S. 194 (2001); *Cornejo v Monn*, 592 F3d 121, 128 (2d Cir 2010), cert denied 131 S.Ct. 158 (2010). The availability of qualified immunity "generally turns on the objective legal reasonableness of the allegedly unlawful official action, assessed in light of the legal rules that were clearly established at the time it was taken." *Ying Jing Gan v City of New York*, 996 F2d at 532 (internal quotations omitted); see also *Taravella v Town of Wolcott*, 599 F3d 129, 134 (2d Cir 2010) ("even where the law is clearly established and the scope of an official's permissible conduct is clearly defined, the qualified immunity defense also protects an official if it was objectively reasonable for him at the time of the challenged action to believe his acts were lawful" [internal quotations omitted]). And, consistent with the objective nature of the rule, determination of whether an official is qualifiedly immune for alleged conduct entails examination of the information possessed by the official at the time of the act without consideration of subjective intent. *Connecticut ex rel Blumenthal v Crotty*, 346 F 3d 84, 106 (2d Cir 2003). See *Jenkins v City of New York*, 478 F3d 76, 87fn (2d Cir 2007)("to

demonstrate entitlement to qualified immunity, the defendant need not establish subjective good faith.")

Plaintiff has alleged that Inv. Flores purportedly stated plaintiff was "associating with a known felon" and that plaintiff was "under." The only other conduct ascribed to Inv. Flores is that he "confer[ed]" with John Doe #1 before John Doe #1 directed that plaintiff be taken into custody and escorted to and detained at the 43rd (AC ¶35). She does not allege Inv. Flores authorized John Doe#1 to take plaintiff "into custody." Nor does she allege Inv. Flores even had the authority to direct members of another agency, the NYPD, to take plaintiff into custody. Rather, she claims it was John doe #1 who directed that plaintiff be taken "into custody" (AC ¶35).  Simply put, Inv. Flores alleged remarks did not violate plaintiff's constitutional rights. His comments, even when viewed as an "official act," do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Saucier v Katz*, 533 U.S. 194 (2001); *Cornejo v Monn*, 592 F3d 121, 128 (2d Cir 2010), cert denied 131 S.Ct. 158 (2010).

In short, plaintiff has again failed to allege facts sufficient to support a claim that Inv. Flores caused, authorized and directed that she be taken into to custody and thus has alleged no violation of her Fourth Amendment rights by Inv. Flores. As such, the protections offered by qualified immunity should be granted. See *Ying Jing Gan v City of New York*, 996 F2d at 532. (Qualified immunity "should be upheld unless the 'contours of the right' were 'sufficiently clear that a reasonable official would understand that what he is doing violates that right'"); *Provost v City of Newburgh*, 262 F3d 146 (2d Cir 2001)("In an unlawful arrest action, an officer is ... subject to suit only if his 'judgment was so flawed that no reasonable officer would have made a similar choice.'"); *Malley v Briggs*, 475 US 335, 341 (1986)(qualified immunity shields "all but the plainly incompetent or those who knowingly violate the law.")

Having failed to sufficiently plead a constitutional violation by Inv. Flores which would entitle her to relief, plaintiff's Fourth Amendment claims should be dismissed.

**E.  Plaintiff's State claims are untimely**

Apart from her federal claims, under the Sixth, Seventh, Eighth, Ninth and Tenth Claim, plaintiff presses various state law claims against the DA Defendants including unlawful search and seizure, unlawful telephone surveillance and arrest without probable cause (AC ¶108-111), slander (AC ¶¶112-118), injurious falsehood (AC ¶119-122), Prima Facie Tort, (AC ¶¶123-126), and *Respondeat Superior* (AC ¶127-128).[5]  Each of plaintiff's state claims suffers from a fundamental pleading defect under N.Y. Gen. Mun. Law §§ 50-e and 50-i, which requires service of a notice of claim as a condition precedent to bringing a state law tort claim against a public corporation or any of its officers, agents, or employees.[6]  See *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 358 (1981).  New York law is clear that a notice of claim must be served "within ninety days after the claim arises," N.Y. Gen. Mun. Law § 50-e(1)(a), and it is well settled that New York's "notice of claim requirements apply equally to state tort claims brought as pendent claims in a federal civil rights action."  *Fincher v. County of Westchester*, 979 F. Supp. 989, 1002 (S.D.N.Y. 1997).

---

[5] Of course, since Statue of Limitations for each of these state claims accrued on November 24, 2010 and DANY was not served with the summons and Amended complaint until May 2, 2014, each state claim is also barred by the Statute of Limitations.

[6] In actions against individuals, this requirement applies if the pertinent public corporation is obligated to indemnify that person for his conduct.  N.Y. Gen. Mun. Law § 50-e(1)(b); *Brogdon v. City of New Rochelle*, 200 F. Supp. 2d 411, 428 (S.D.N.Y. 2002).  Because the City of New York owes such an indemnification obligation to the DA Defendants, N.Y. Gen. Mun. Law § 50-k; N.Y. City Admin. Code § 7-110, there is no doubt that this notice of claim requirement is applicable.

The latest accrual date suggested by plaintiff's pleadings for her claims against the DA Defendants is November 24, 2010.  While plaintiff alleges she filed the requisite notice of claim, (AC ¶¶ 23, 26), she fails to state when that notice was filed. However it is apparent that the  notice of claim was filed on May 13, 2103. (See D'Andrea Dec. Ex. B)  Since the Amended Complaint does not allege the date plaintiff filed a notice of claim on the City or DANY or Inv. Flores, let alone within ninety days of that accrual date, any state law claims against the DA Defendants must be dismissed.[7]  *Davidson v. Bronx Mun. Hosp.*, 64 N.Y.2d 59, 61-62 (1984); *accord McLaurin v. New Rochelle Police Officers*, 368 F. Supp. 2d 289, 296 (S.D.N.Y. 2005)

Plaintiff's asserts a "Continuous Tort theory" as against Inv. Flores and DANY. It is without factual support.  Subsequent to November 24, 2010, plaintiff does not allege any conduct by Inv. Flores or DANY.  Further, she fails to allege any conduct by either Inv. Flores or DANY supports her speculative notion that the DA Defendants were  part of a continuing violation. The continuing tort doctrine can "provide an exemption from the statute of limitations where the 'last actionable act' of the alleged course of conduct falls within the statute of limitations." *Valle v. Bally Total Fitness*, No 99 Civ. 11650 (RCC) (KNF), 2001 U.S. Dist. Lexis 16285, at *11 (S.D. N.Y. Oct. 9, 2001) (citing *Neufeld v Neufeld*, 910 F.Supp. 977, 983 (S.D.N.Y. 1996))  The Plaintiff's state law claims are not one of  the limited recognized torts where a claimant may not immediately recognize the injury caused to her,  such as conspiracy liability. See e.g. *Conte v. County of Nassau, No*, 06-CV-4746 (JFB) (ETB) 2013 U.S. Dist.Lexis 105207 (E.D.N.Y. July 26, 2013. Moreover, "Under New York law, however,

---

[7] Additionally, it should be noted that because New York law provides that any application for leave to serve a late notice of claim "shall be made to the supreme court or to the county court," N.Y. Gen. Mun. Law § 50-e(7), "federal courts do not have jurisdiction to permit the filing of a late notice of claim." *Warner v. Goshen Police Dept.*, 256 F. Supp. 2d 171, 175 (S.D.N.Y. 2003).

defamation claims are not subject to the 'continuing course of conduct doctrine for tolling of the statute of limitations…." *Boda v. Phelan*, No 11 –CV-00028 (KAM), 2012 U.S.Dist. LEXIS 110304, AT **7-8 N.1 E.D.N.Y. Aug. 6, 2012.  There is no continuous tort as to these allegations and as such plaintiff's state court claims of unlawful search and seizure, false imprisonment, slander, injurious falsehood, and *Prima facie* tort are now time barred.

Plaintiff's state claim of slander fairs no better. The alleged statements of "under" to John Doe #1, and that plaintiff was "associating with a known felon" are simply insufficient to sustain her cause of action. For instance, plaintiff has not alleged Inv. Flores "published" the statement to anyone. Despite the assertion that Inv. Flores stated "loudly" that "plaintiff was associating with a known felon" (AC ¶33), she fails to claim anyone heard the statement or that he actually uttered the statement to anyone. A slanderous statement is actionable only when it is heard by a third party. *Barber v. Daly*, 185 A.D.2d 567, (3rd Dept. 1992)

To further confuse the matter, plaintiff later claims that "said words were published by said Defendant to numerous law enforcement officials in her home, and were later published to police officers and supervisors in her home command, throughout the Defendant NYPD community and Newspapers in the City of New York" (AC ¶114).  However, plaintiff does not specify which "words" were published by which "Defendant." The paragraph immediately before references both the statements allegedly uttered by Inv. Flores as well as those uttered by defendant John Doe #1. Moreover, plaintiff does not claim that Inv. Flores repeated or "published" his statements at some later date to her NYPD command, the NYPD community or to the media. Again, her claims do not have sufficient factual support.

Lastly, a slander or defamation action requires an allegation of fact, that is false, and not an opinion. *Brian v Richardson*, 87 N.Y.2d 46, 51 (1995).  Whether a statement is fact or opinion is determined by the court as a matter of law, *Hassig v. FitzRandolph*, 8 A.D.3d 930 (3rd Dept. 2004),

which generally look to the context of the whole communication, including its tone and purpose to determine if a statement is opinion or fact. *Brian v Richardson,* 87 N.Y.2d at 51.   Here, Inv. Flores' alleged utterance was that plaintiff "was associating with a known felon" -her common law husband- who had just been arrested outside plaintiff's residence for the crime of grand larceny, (AC ¶27), a felony under New York Law.  See O'Connor Decl. at Exh. C.  Plaintiff's common-law husband has since been convicted of Grand Larceny and related felonies and is currently serving a sentence of 7 to 21 years' incarceration.  In the context of these facts and circumstances, it is clear that Inv. Flores was stating an opinion about plaintiff's and her husband, which is not actionable as slander. *Hassig v. FitzRandolph,* 8 A.D.3d 930, (3rd Dept. 2004)

<u>CONCLUSION</u>

Plaintiff has failed to timely serve the DA Defendants with her summons and complaint. Further, plaintiff's 42 U.S.C. §1983 claims and related state law claims against the DA Defendants do not state claims upon which relief can be granted.  Accordingly, her complaint against them should be dismissed in its entirety.

Dated:  New York, New York

May 12, 2014            **Cyrus R. Vance Jr.**

District Attorney, New York County
as Special Assistant Corporation Counsel
One Hogan Place
New York, New York 10013
(212) 335-4364 (telephone)
(212) 335-4390 (facsimile)


By:  _____/S/_____
Maureen T. O'Connor
Assistant District Attorney
          Of Counsel