**DISTRICT ATTORNEY**

**COUNTY OF NEW YORK**

**ONE HOGAN PLACE**

**New York, N. Y. 10013**

**(212) 335-9000**



**CYRUS R. VANCE, JR.**

DISTRICT ATTORNEY

September 11, 2015

**BY ECF**

Honorable James C. Francis, IV
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Diaz v. City of New York, et al.*, 13 Civ. 8281 (JCF)

Dear Judge Francis,

On behalf of Investigator Jose Flores of the New York County District Attorney's Office ("DANY") and the City of New York, we write to oppose plaintiff Denise Diaz's motion to amend her complaint to substitute Brandon del Pozo for John Doe 1.

## I.    Relevant Facts

Diaz, who is a Sergeant with the NYPD, filed this lawsuit on November 20, 2013 against the City of New York, John Doe 1, John Doe 2, and Flores. DE 1. On April 11, 2014, Diaz filed an amended complaint which added DANY, the NYPD, and Police Commissioner Raymond Kelly as defendants. DE 8.

In the amended complaint, Diaz alleges that she was falsely arrested by Flores and John Doe 1 on November 24, 2010 at her home in the Bronx. DE 8, ¶¶3, 27, 35. On that date, Flores and other members of DANY's detective squad were present at Diaz's home to arrest her husband, George Castro, and to execute a search warrant in connection with DANY's investigation into Castro's theft of millions of dollars from Columbia University. *Id.*, ¶¶27, 59. After it was discovered that Castro's wife was a Sergeant, DANY investigators notified the NYPD. *See id.*, ¶31.

John Doe 1, identified in the amended complaint as a Duty Captain from a Bronx precinct, responded to Diaz's home. *Id.*, ¶33. Diaz alleges that Flores stated loudly that Diaz was "associating with a known felon" and informed John Doe 1 that she was "under," as in, under arrest. *Id.*, ¶¶33-34. Diaz alleges that John Doe 1 then directed that Diaz be arrested, taken to the 43rd precinct, and detained for interrogation. *Id.*, ¶35.

The City, Commissioner Kelly, and Flores filed motions to dismiss. DE 35-37, 43-46. As Diaz never identified John Doe 1, the Law Department did not make any

arguments on his behalf.  DE 36.  On February 2, 2015, Judge Crotty dismissed all claims except for the false arrest claim against Flores and John Doe 1.  DE 53.

The attorneys for Diaz and Flores appeared for an initial conference before Your Honor on April 13, 2015.  DE 57.  The close of discovery was set for August 31, 2015. *Id.*  On May 29, 2015, DANY identified Brandon del Pozo as the Bronx Duty Captain who ordered that Diaz report to the 43rd precinct and provided del Pozo's current rank and service address.  Exh. A [5/29/15 Ltr], p. 2-3.  Throughout discovery, Diaz did not attempt to amend the complaint to substitute del Pozo for John Doe 1.

At 6:50 p.m. on August 31, 2015, Diaz filed a letter requesting a two-month extension of discovery over Flores' objection.  DE 59-59.  On September 1, 2015, Your Honor extended discovery by one month, until October 30, 2015.

## II.   <u>Argument</u>

A motion to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies . . ., or undue prejudice to the non-moving party."  *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2006).  An amendment is futile if the claim to be added would be barred by the applicable statute of limitations.  *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000).

a.   Futility

Diaz's false arrest claim against del Pozo is untimely and does not relate back to the filing of the original complaint.  The statute of limitations for §1983 actions arising in New York is three years, *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009), and false arrest claims accrue "when the alleged false imprisonment ends."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Under Rule 15(c)(1)(C), an amendment to change the party against whom a claim is asserted will relate back only if all of the following criteria are met:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and ... (4) the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and ... the original complaint [was] filed within the limitations period.

*Hogan v. Fischer*, 738 F.3d 509 (2d Cir. 2013) (emphasis added).

As Diaz was released on the same date as her alleged arrest, DE 8, ¶40, the statute of limitations on her false arrest claim ran on November 24, 2013.  Diaz's proposed amendment does not satisfy the second through fourth requirements to relate back.  With respect to the third requirement, in particular, "lack of knowledge of a John Doe defendant's

name does not constitute a 'mistake of identity.'" *Hogan, supra*, 518. With respect to the second, third, and fourth requirements, Diaz does not assert that she made any attempt to contact, depose, or name del Pozo – either directly or through the Law Department or the NYPD's Legal Bureau – within 120 days from the filing of the original complaint, which would have been on or before March 20, 2014.

Diaz's proposed amendment is futile for another reason – her false arrest claim fails as a matter of law. As explained in Flores' opposition to Diaz's request for an extension of discovery, Captain del Pozo ordered that Diaz be placed on duty and that she report to the 43rd precinct under the recognized authority of the NYPD to detain its officers in order to investigate their conduct. DE 59, 2. Diaz's husband stole over five million dollars and was arrested leaving Diaz's home carrying a backpack containing her NYPD shield and hundreds of thousands of dollars in cash. *Id.*, 1. The NYPD's Internal Affairs Bureau opened an investigation into Diaz immediately after learning that she was present at the scene of Castro's arrest. *Id.*, 1-2. Diaz's claim that she was arrested is belied by the fact that she requested and received eleven hours of overtime payment in connection with the time that she spent on duty pursuant to del Pozo's order. *Id.*, 2.

b.     Undue Delay & Prejudice

Diaz, a member of the NYPD herself, has offered no explanation for her inability to identify the Duty Captain. At her deposition, Diaz testified that she called Bronx Patrol Bureau on the morning of the incident and spoke to Police Officer Laura Perez who gave her the name and cell phone number of the Duty Captain. Exh. B [Diaz dep.], p. 174:23-177:12. Even if Diaz later misplaced the information, as she claimed at her deposition, she has the means to identify a fellow officer. Nothing prevented her from inquiring of coworkers or consulting the NYPD roster. Even after DANY produced paperwork identifying del Pozo as the Duty Captain and providing his service address, Diaz waited three months and one discovery extension to file a motion to amend.

In July, 2015, del Pozo retired from the NYPD with the rank of Deputy Inspector and moved to Vermont to assume the role of Burlington Police Chief. The prejudice to del Pozo inherent in Diaz's attempt to name him as a defendant nearly five years after the underlying incident and nearly two years after the expiration of the statute of limitations is aggravated by the fact that he no longer lives in New York, no longer works for the NYPD, and has assumed a new and demanding position elsewhere.

For these reasons, Flores and the City oppose Diaz's motion to amend the complaint to substitute Brandon del Pozo for John Doe 1.

Respectfully submitted,

/s

ADA Elizabeth N. Krasnow
ACC Ariel Lichterman

3