**DISTRICT ATTORNEY**
COUNTY OF NEW YORK
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000



**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY

May 29, 2015

**BY MAIL AND EMAIL**

Ricardo Aguirre, Esq.
Law Office of Ricardo A. Aguirre
644 Soundview Avenue, Suite 6
Bronx, New York 10473

      Re:    <u>Denise Diaz v. City of New York, et al.</u>, 13 Civ. 8281 (JCF)

Dear Mr. Aguirre,

      On behalf of defendant Investigator Jose Flores, I write to follow up on the status of defendant's initial set of discovery requests, produce certain records, identify witnesses, serve a document request, and serve a notice of deposition for Sergeant Diaz.

      <u>First</u>, I served you with a hardcopy of Inspector Flores' First Set of Interrogatories and Document Requests at the initial conference on April 13, 2015. Under the Federal Rules, Sergeant Diaz's responses were due on May 13, 2015. Please let me know when I can expect to receive the responses. Depending on Sergeant Diaz's responses to various interrogatories and requests, I need to budget time to process releases and/or request further documents from third parties in advance of her deposition.

      <u>Second</u>, in accordance with Inspector Flores' continuing disclosure obligations under Federal Rule of Civil Procedure 26(e), enclosed please find the following: (1) a CD containing PDFs of documents, marked as D155 through D713 and D727 through D746; and (2) twelve CDs containing various audio and text message files, marked as D715 through D726.[1] These documents and CDs were produced by the NYPD in response to DANY's subpoena dated April 23, 2015. Together, they comprise the IAB file into the investigation of Sergeant Diaz.

      As part of the IAB file, we received an 83-page packet with information on each arrest made by Sergeant Diaz over her career. The names, dates of birth, addresses, and telephone numbers of the arrestees are un-redacted. The packet does not contain any information on the disposition of the arrests, and

---

[1]     Defendant's production skips D714. Nothing will be produced under that number.

therefore I am unable to tell if the individuals listed are entitled to the protection of CPL §§160.50 or 160.55. Accordingly, I am not producing the packet, nor will I be relying on it in any manner in connection with Inspector Flores' defense. Statistics on the number and type of arrests made by Sergeant Diaz over her career can be found in the IAB file on page D318.

To date, I have not received anything else from the NYPD in response to our subpoena. In the event I receive additional records, I will produce them expeditiously.

Third, and also in accordance with Rule 26(e), I am identifying the following individuals likely to have discoverable information that Investigator Flores may use to support his claims or defenses:

1. Lieutenant Timothy Burke, Tax #895249, NYPD 43rd Precinct, 900 Fteley Ave., Bronx, New York, 10473 (present at plaintiff's house on November 24, 2010)[2]

2. Deputy Inspector Brandon DelPozo (formerly, Bronx Patrol Duty Captain), Office of the Deputy Commissioner of Strategic Initiatives, One Police Plaza, New York, New York 10038 (present at plaintiff's house and at the 43rd Precinct on November 24, 2010)

3. Captain Peter Andrea, Tax #915231, NYPD 32nd Precinct, 250 West 135th Street, New York, New York, 10030 (present at the 43rd Precinct on November 24, 2010)

Fourth, I am requesting, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26.3, production of a copy of the entries in Sergeant Diaz's memobook from November 24, 2010.

Fifth, enclosed please find a notice of deposition for Sergeant Diaz for a date in July, 2015. ADA O'Connor and I are available any day the week of July 20th through July 24th and any day the week of July 27th through July 31st. Please let me know as soon as possible which dates over this two week period are agreeable to you and Sergeant Diaz so that we can finalize the deposition.

Finally, as is indicated throughout the IAB file, several representatives of the NYPD responded to Sergeant Diaz's home on the date of the incident underlying this lawsuit, including Bronx Patrol Duty Captain (now, Deputy

---

[2] Any communication with NYPD officers or other City employees regarding the incident alleged in the pleadings, or this lawsuit generally, should be made through Corporation Counsel's Office.

Inspector) Brandon DelPozo.  Under the authority of Captain DelPozo, Sergeant Diaz was placed on duty and transported to the 43rd Precinct to be interviewed by representatives of IAB.  *See, e.g.*, D374.  Given this new information, Sergeant Diaz should consider withdrawing her false arrest claim against Inspector Flores.  First, Sergeant Diaz was not arrested and charged with a crime, and second, to the extent Sergeant Diaz was detained, it was on the authority of the Police Department to investigate the fitness of its own officers.  *See, e.g.*, *Biehunk v. Felicetta*, 441 F.2d 228 (2d Cir. 1971), *Gonzalez v. City of New York*, 38 Fed. Appx. 62 (2d Cir. 2002).

        Please let me know whether this lawsuit can be resolved with a withdrawal of Sergeant Diaz's claims against Inspector Flores before we continue with costly and time-consuming document and deposition discovery.

        Very truly yours,

        /s
        Elizabeth N. Krasnow
        Assistant District Attorney
        (212) 335-4210

Encl. (Notice of deposition by email and mail; CDs by mail only)